

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM KHAMERZAEV,<br><br>                         Petitioner,<br><br>   v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>                        Respondent. | Case No.:  26cv0170 DMS DDL<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondent filed a return to the Petition.  Petitioner did not file a traverse.

As set out in the briefing, Petitioner is a citizen of Russia.  (Return, Ex. A.)  On December 3, 2024, he attempted to enter the United States from Mexico through the Otay Mesa Port of Entry.  (*Id.*)  After failing to present himself for inspection, he was apprehended by Customs and Border Patrol agents.  (*Id.*)  After Petitioner was determined to be inadmissible, he was placed in expedited removal proceedings.  He was then interviewed by an asylum officer, who determined Petitioner had a credible fear of being returned to Russia.  (Return at 2.)  Petitioner was then issued a Notice to Appear before an immigration judge.  (*Id.*)  On June 27, 2025, the immigration judge ordered Petitioner be

removed to Russia.  (Return, Ex. D.)  Petitioner filed an appeal of that decision, which is currently pending before the Board of Immigration Appeals.  (Return, Ex. E.)

On January 9, 2026, Petitioner, proceeding pro se, filed the present case seeking release from custody.  In the Petition, he raises four claims.  First, he claims his prolonged detention violates due process.  Second, Petitioner asserts he is receiving inadequate medical care at the detention facility.  Third, Petitioner argues he is being discriminated against based on his physical disability.  Fourth, Petitioner contends he received ineffective assistance of counsel during his immigration proceedings.  Respondents argue the Court lacks jurisdiction to consider the Petition, Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1)(B) and his detention has not been unconstitutionally prolonged, and Petitioner's conditions of confinement claim is not cognizable on habeas.

In *De la Torre Duran v. Doe*, Case No. 25cv3230 DMS (DDL), this Court addressed a due process claim similar to the one raised here based on facts similar to those in this case.  *See also Fernandes v. Warden*, Case No. 25-cv-3812 JLS (MSB) (addressing similar fact pattern and claim).[1]  In *De la Torre Duran*, the Court considered the factors set out in *Banda v. McAleenan*, 385 F.Supp.3d 1099, 116-17 (W.D. Wash. 2019), to conclude the petitioner's continued detention without a bond hearing violated his due process rights.  *See De la Torre Duran*, ECF No. 11.  Applying those factors to the present case results in the same conclusion.  Indeed, on the length of detention factor, Petitioner here has been detained for longer than the petitioner in *De la Torre Duran*.

Under the reasoning of *De la Torre Duran*, which the Court applies to the present case, the Court grants the Petition in part.  Specifically, Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within fourteen (14) days of this Order.  The parties are ordered to file a Joint Status Report within twenty-one (21) days of this Order's entry confirming Petitioner received a bond hearing.  In that

---

[1] The Court also addressed Respondents' jurisdictional argument in *De la Torre*.  For the reasons set out there, the Court rejects that argument here, as well.

Report, the parties shall also provide their respective positions on whether a further order on the Petition is necessary or if the case may be dismissed as moot.

**IT IS SO ORDERED**.

Dated:  February 12, 2026

Hon. Dana M. Sabraw
United States District Judge

26cv0170 DMS DDL